UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RALPH SNODGRASS, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:12-cv-1817-TAB-LJM |
| BLAINE HURT, J.C. JACKSON, DAVID WARNER, ALEXANDER SHAW, MICHAEL KING, and ERIC WESTON, | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

Defendants filed a motion for summary judgment asserting it is undisputed that Plaintiff Ralph Snodgrass failed to exhaust his administrative remedies prior to filing this action. Reviewing the facts in the light most favorable to Snodgrass, as is appropriate for summary judgment, the Court disagrees. A genuine dispute exists as to whether Snodgrass exhausted all administrative remedies. Accordingly, Defendants' motion for summary judgment [Filing No. 32] is denied.

**II. Background**

Snodgrass is incarcerated at the Pendleton Correctional Facility and alleges in his complaint that Defendants used excessive force against him in violation of the Eighth Amendment. Defendants filed a motion to dismiss claiming that Snodgrass's failure to exhaust all administrative remedies precludes this action. The Court converted the motion to dismiss to a motion for summary judgment. [Filing No. 31.]

1

To exhaust available administrative remedies, a prisoner must follow the grievance procedure set forth by prison officials. The Pendleton facility uses a three-step process for filing a grievance, including an informal process, a formal written grievance, and a formal appeal process. The parties do not dispute that Snodgrass filed a grievance form on September 17, 2012. The grievance form includes a "complaint/concern" section and a "relief" section. Under the complaint/concern section Snodgrass asserted the following:

> On July 30 at 9:28 p.m. oicfer Hurt, oficer Jackson, and two other oicfer beat me up and slam my head into the wall outside JGH and slit my head open in 3 plase and I had to go too a hosplit because the nurse could not stop the bleeding I had to get 13 staples in my head.

[Filing No. 44-1.] In the relief section Snodgrass wrote, "I want moved to another prison." [Filing No. 44-1.] The parties also do not dispute that Defendants rejected Snodgrass's grievance form. On September 20, 2012, Snodgrass received a return of grievance form that indicated that Defendants rejected his September 17 grievance form for the following reason: "Your complaint concerns a Classification or Disciplinary Hearing issue or action. These types of issues or actions are to be appealed through their own appeal process and not through the grievance process." [Filing No. 44-2.] The word "classification" is circled on the form. The parties, however, dispute what occurred after Defendants rejected his grievance form.

According to Snodgrass, he filed a new grievance concerning the July 30 excessive force incident. The complaint section of his grievance detailed the same events, and the relief section indicated he was in the process of filing a lawsuit against the officer. Snodgrass submitted this grievance form to executive assistant Wayne Scaife in September 2012, about a week after Snodgrass received the return of grievance form. Snodgrass asserts that he then wrote assistant superintendent Dwayne Alsip in October 2012, concerning the July 30 incident and his issues in having his grievance processed. In December 2012, Snodgrass claims he received a response

letter from Alsip saying that he was going to look into the matter. In April 2013, Snodgrass alleges he wrote a second letter to Alsip inquiring as to whether he had any information about Snodgrass's grievance but Alsip never responded. [Filing No. 44-3; Filing No. 45.]

Snodgrass asserts that he filed a third grievance in June 2013 with Jessica Hammick, his facility's new grievance officer.[1] This third grievance allegedly described the July 30 incident and that Snodgrass had already submitted two written grievances on the incident, one to which he never received a response. On June 14, 2013, Snodgrass received a form back from Hammick that instructed him to contact Captain Gilly about the July 30 incident and his problems with the grievance process. Snodgrass claims he spoke with Gilly August 2013. However, Gilly could not help Snodgrass because he was not the shift supervisor on the day of the incident. Snodgrass further asserts that he spoke with his cell block counselors and his cell block case manager about seeking transfer to a separate facility. All of these alleged conversations occurred over a period of six to seven months following Snodgrass's receipt of the return of grievance form. [Filing No. 45.]

According to Defendants, there is no record that Snodgrass filed a grievance form concerning the July 30 incident. Defendants rejected Snodgrass's initial grievance form because he requested a facility transfer, which cannot be addressed through the grievance process. Because Snodgrass never submitted a corrected form within the five-day time limit, Defendants treated his initial grievance as if it was never filed. Thus, it is not in their records. To properly exhaust his administrative remedies, Defendants argue that Snodgrass should have resubmitted his grievance, seeking as a remedy either an investigation or discipline of the correction officers

---

[1] Snodgrass's response brief and affidavit refer to Pendleton's new grievance officer as Jessica Hammick and Jessica Hannick. For simplicity, the Court uses Jessica Hammick to refer to Snodgrass's grievance officer.

3

allegedly using excessive force. Snodgrass did not submit a corrected grievance. Defendants claim this precludes him from filing in federal court. [Filing No. 33.] They also assert that there is no record of any additional grievances relating to the July 30 incident filed after September 20.

## III. Discussion

A party moving for summary judgment is entitled to judgment as a matter of law when there is no genuine dispute as to any material fact. Applicable substantive law dictates what facts are considered material. *Stokes v. Cortez*, No. 2:12-CV-00177-JMS-WGH, 2013 WL 6730743, at * 1 (S.D. Ind. Dec. 18, 2013). In the instant motion, the Prison Litigation Reform Act is the applicable substantive law. Under the PLRA "no action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. The PLRA demands proper exhaustion, which requires a prisoner to complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). The PLRA is a mechanism created to encourage the use of available internal remedies and to reduce the number of frivolous claims. *See id.* at 114. A prisoner's failure to exhaust administrative remedies is an affirmative defense that prison officials bear the burden of proving. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Defendants argue that Snodgrass did not follow the proper grievance process to address his complaint within the five-day time constraint. Accordingly, he did not comply with the Pendleton facility's grievance requirements and did not properly exhaust. Snodgrass asserts that prison officials made administrative remedies unavailable to him by mistake or intentional mischaracterization. Such conduct on the part of prison officials excuses him from the

exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("[A] remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.").

Viewing the evidence in the light most favorable to Snodgrass, it appears that he took ample measures to file his grievance. In total, he filed three separate grievances. Defendants formally rejected the first grievance in a return of grievance form. The second grievance never received a response. The third directed Snodgrass to Captain Gilly, who was unable to help. Snodgrass wrote two letters to the assistant superintendent about his problems with the grievance process and the July 30 incident. The assistant superintendent responded to his first letter indicating that he would investigate Snodgrass's problem, but never responded to his second letter or contacted him about the results of his investigation. In addition, Snodgrass attempted to informally resolve his grievance. He spoke with his cell block counselors both before and after Defendants rejected his initial grievance. He also spoke with cell block counselors and his case manager about his request for transfer. Despite all of the factual assertions set forth in Snodgrass's response and affidavit, Defendants filed no reply brief. This shortcoming is significant, and arguably telling.

Defendants bear the burden to prove their affirmative defense that Snodgrass failed to exhaust the available administrative remedies. They have failed to do so. It is not clear that Snodgrass received meaningful direction on how to exhaust administrative remedies in relation to the July 30 incident. The factual record presents a genuine dispute as to whether Snodgrass exhausted available administrative remedies and whether such remedies were made unavailable. Thus, summary judgment is not appropriate.

Exhaustion is a threshold matter that must be addressed prior to the merits of the case. If Defendants withdraw their affirmative defense, the case will proceed on the merits. Failing to file a reply to Snodgrass's response signals to the Court that Defendants may wish to withdraw their defense. If so, Defendants shall notify the Court and opposing counsel of their intention to withdraw this defense. The parties shall then confer and submit a Case Management Plan for review by April 2, 2014. Absent a withdrawal, the Court will hold a hearing to address exhaustion under [Pavey v. Conley, 544 F.3d 739 (7th Cir. 2008)](#).

## IV. Conclusion

For these reasons, Defendants motion for summary judgment [[Filing No. 32](#)] is denied. Defendants shall notify the Court of whether they intend to withdraw their affirmative defense **by March 12, 2014**. **This matter is set for a hearing at 1:30 p.m. on April 28, 2014,** in Room 238, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana, before Magistrate Judge Tim A. Baker.

Date:

Distribution:

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Ilene M. Smith
CHRISTOPHER MYERS & ASSOCIATES
ismith@myers-law.com

Dino L. Pollock
INDIANA ATTORNEY GENERAL
dino.pollock@atg.in.gov

Grant E. Helms
OFFICE OF THE ATTORNEY GENERAL
Grant.Helms@atg.in.gov